## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**CHARLES TILFORD,**

    **Plaintiff,**

                         **CASE NO.:**

**vs.**

**COMPLETE RESTAURANT
SOLUTIONS, LLC and JON
CHIASSON, Individually,**

    **Defendants.**               /

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, CHARLES TILFORD, ("TILFORD" or "Plaintiff"), was an employee of Defendants, COMPLETE RESTAURANT SOLUTIONS, LLC ("COMPLETE") and JON CHIASSON, Individually ("CHIASSON")(hereinafter collectively referred to as "Defendants"), and brings this action for unpaid overtime compensation, liquidated damages, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

## INTRODUCTION

1.    Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) and 29 U.S.C. § 207(a).

2.    The Fair Labor Standards Act was passed in 1938. Its principal purpose was to protect all covered workers from substandard wages and

oppressive working hours, labor conditions that are detrimental to the maintenance of minimum standards of living necessary for health, efficient, and the general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.,* 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981).

3.      Section 7(a) of the FLSA requires payment of time-and-one-half an employee's regular hourly rate whenever a covered employee works in excess of forty (40) hours per work week. 29 U.S.C. § 207(a).

4.      The liquidated damages provision of the FLSA constitutes a congressional recognition that failure to pay the statutory minimum on time may be so detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and the general well-being of workers and to the free flow of commerce, that double payment must be made in the event of a delay in order to insure restoration of the worker to that minimum standard. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

5.      To the extent any partial payments have been made by Defendants to Plaintiff of the disputed amounts at the time of the filing of this complaint, this action seeks to recover judgment in favor of Plaintiff and against Defendants as well as all remaining damages, including but not limited to liquidated damages and reasonable attorneys' fees and costs. *Id.*

6.      Defendants have violated and continues to violate the FLSA by misclassifying its maintenance technicians as "independent contractors" and refusing to pay them a livable wage.

7.      Misclassification of employees as independent contractors "deprives employees of critical workplace protections and employment benefits to which they are legally entitled."

8.      Misclassification of workers also costs the government billions of dollars in unpaid taxes.

9.      Due to the rise in misclassification among the American workforce, the Department of Labor's Wage and Hour Division has launched a nationwide "Misclassification Initiative." *See www.dol.gov/whd/workers/misclassification*.

10.     Defendants' misclassification of Plaintiff puts law-abiding companies at a competitive disadvantage.[1]

11.     The Defendants in this case violated the FLSA by failing to pay Plaintiff time and one-half compensation for all of his hours worked over forty (40) each week.

## JURISDICTION AND VENUE

12.     Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq.,

---

[1] *See supra* note 2 at pg. 21.

hereinafter called the "FLSA") to recover unpaid overtime wages, an additional equal amount as liquidated damages, obtain declaratory relief and reasonable attorney's fees and costs.

13.    This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA.

14.    At all times material hereto, Plaintiff was a resident of Duval County, Florida.

15.    Defendant, COMPLETE, conducts business in, among others, Polk County, Florida, therefore venue is proper in the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. § 1391(b)(1) & (c).

## PARTIES

16.    Defendant, COMPLETE, a Florida Profit Corporation, is in the business of operating a company that specializes in comprehensive, full-service support for the food industry, with its headquarters at 1901 Shepherd Road, Lakeland, Florida 33811.

17.    At all times relevant to this action, CHIASSON was an individual resident of the State of Florida, who owned and/or operated COMPLETE, and who regularly exercised the authority to: (a) hire and fire employees of COMPLETE; (b) determine the work and pay schedules for the employees of

COMPLETE; (c) control the finances and operations of COMPLETE; and (d) was responsible for the overall business operations of COMPLETE.

18.     The Plaintiff in this action was employed by Defendants as a Maintenance Technician beginning on or around March 2023 through June 2025, earning an hourly rate for all hours worked.

## COVERAGE

19.     At all material times during the last three years, COMPLETE was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

20.     At all material times during the last three years, COMPLETE was an employer as defined by 29 U.S.C. § 203(d).

21.     At all material times, COMPLETE has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

22.     At all times material, COMPLETE has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA, in that the company had two or more employees:

a.      Engaged in commerce; or

b.      Engaged in the production of goods for commerce; or

c.    Handling, selling or working on goods or materials that have been moved in or produced for commerce. (i.e. computers, cleaning supplies, and/or construction supplies).

23.    Therefore, COMPLETE is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

24.    Additionally, Plaintiff was individually engaged in interstate commerce during his employment with Defendants as he on a routine and regular basis crossed state lines in the performance of his job duties, to include working in states, including but not limited to Michigan, Missouri and Ohio.

## GENERAL ALLEGATIONS

25.    Defendant, COMPLETE, is a company classified as a full-service provider specializing in comprehensive support for the food service industry, including equipment supply, kitchen design, and operational consulting.

26.    Defendant, COMPLETE, was an "employer" of Plaintiff within the meaning of the FLSA.

27.    Defendant, CHIASSON, was an "employer" of Plaintiff within the meaning of the FLSA.

28.    Plaintiff was an employee of Defendants within the meaning of the FLSA.

29.    Plaintiff performed, among others, maintenance duties for Defendants.

30.    Plaintiff worked in this capacity from approximately March 2023 through June 2025.

31.    The work performed by Plaintiff was integral to Defendants' business because Defendants were paid by their customers for the services provided by Plaintiff.

32.    Plaintiff was economically dependent upon Defendants for his livelihood.

33.    Plaintiff was economically dependent upon the compensation he received for his exclusive work performed for Defendants.

34.    Plaintiff was not in business for himself.

35.    Plaintiff was paid directly by Defendants.

36.    Defendant determined the nature and amount of Plaintiff's pay.

37.    Plaintiff did not have the ability to negotiate his rate(s) of pay.

38.    Plaintiff did not negotiate his rate(s) of pay.

39.    Plaintiff's rate(s) of pay was preset by Defendants.

40.    Defendants controlled the work schedule of Plaintiff.

41.    Plaintiff's weekly schedule varied depending on the needs of Defendants' customers.

42.    Plaintiff could not refuse work offered by Defendants.

43.    Plaintiff was closely supervised by Defendants' supervisors.

44.    Plaintiff regularly communicated with CHIASSON during the performance of his duties each day. *See* **Exhibit A.**

45.    Plaintiff did not have discretion with respect to the performance of his job assignments.

46.    Plaintiff earned an hourly rate in exchange for work performed during the last three (3) years.

47.    Plaintiff routinely worked in excess of forty (40) hours per week as part of his regular job duties.

48.    Despite working more than forty (40) hours per week during one or more work weeks, Defendants failed to pay Plaintiff overtime compensation at a rate of time and one-half times his regular rate of pay for hours worked over forty (40) in a workweek. Instead, Defendants only paid Plaintiff his regular rate of pay for each of these excess hours.

49.    Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper overtime compensation to Plaintiff.

50.    Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. §

201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

51.     Defendants acted willfully in failing to pay Plaintiff in accordance with the law.

52.     Defendants failed to maintain proper time records as mandated by law.

53.     Defendants failed to post informational posters as required by law advising its employees of their rights under the FLSA.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

54.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-53 above.

55.     Plaintiff was entitled to be paid time and one-half of his regular rate of pay for each hour worked in excess of forty (40) per workweek.

56.     During the relevant time period (last three years) during his employment with Defendants, Plaintiff worked overtime hours, but was not paid time and one-half compensation for same during one or more workweeks.  For example, for the pay period of April 14, 2024 to April 20, 2024, Plaintiff worked a total of 56.35 hours and did not receive time and one half his regular rate of pay for hours exceeding forty during this workweek.  *See* Time and Pay Records attached as **Exhibit B**.

57.    Defendants had knowledge of the overtime hours worked by Plaintiff. *See* **Ex. B**. (Text exchange between Plaintiff and CHIASSON).

58.    Defendants are aware of laws which require employees to be paid at time and one half their regular rate of pay for hours worked over forty (40) within a workweek.

59.    As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one-half of his regular rate of pay for each hour worked in excess of forty (40) per workweek in one or more workweeks, Plaintiff has suffered damages, plus incurring reasonable attorneys' fees and costs.

60.    As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

61.    Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants;

a.  Awarding Plaintiff overtime compensation in the amount due to him for the time worked in excess of forty (40) hours per workweek as allowable under the FLSA statute of limitations period;

b.  Awarding Plaintiff liquidated damages in an amount equal to the

overtime award, or alternatively, awarding pre-judgment interest;

c. Awarding reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b); and

d. Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated: February 2, 2026.                    Respectfully submitted by,

*/s/ Kimberly De Arcangelis*
Kimberly De Arcangelis, Esq.
*Local Counsel for Plaintiff*
Bar No.: 025871
Morgan & Morgan, P.A.
20 N. Orange Ave., 15th Floor
Orlando, Florida 32801
Telephone: (407) 420-1414
Facsimile: (407) 245-3383
Email:      kimd@forthepeople.com

*Trial Attorneys for Plaintiff*